989 F.2d 505
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
UNITED STATES of AMERICA, Appellee,
v.
Michael BRUCKNER, Appellant.
 No. 92-2523.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: February 16, 1993.
Filed: March 8, 1993.
 
 Before RICHARD S. ARNOLD, Chief Judge, HEANEY and BRIGHT, Senior Circuit Judges.
 PER CURIAM.
 
 
 1
 Michael Bruckner was charged with bank robbery, use of a firearm during a bank robbery, and attempted escape under 18 U.S.C. §§ 924(a),(c),(d) and 751(a) in the United States District Court for the District of Nebraska. Following a jury trial, he was convicted on all counts and sentenced to imprisonment for 322 months.[1] On appeal Bruckner raises a single issue: was Bruckner's Fifth Amendment right against self-incrimination violated when the trial court allowed counsel for the government to question the defendant during cross-examination on why he had failed to offer the alibi offered at trial when first questioned by law enforcement authorities?
 
 
 2
 Bruckner was arrested on June 27, 1991, less than two weeks after the bank robbery of June 14. After being given his Miranda warnings, Bruckner consented to interrogation by Special Agent Charles Kempf of the Federal Bureau of Investigation. Special Agent Kempf asked Bruckner to account for his whereabouts at approximately noon on June 14, the time of the bank robbery, and Bruckner replied that he could not account for his whereabouts. This interrogation was recounted at trial by Special Agent Kempf. When Bruckner took the stand at trial and was asked to account for his whereabouts at the time of the bank robbery, he testified that he had been shopping at a mall with his sister. On cross-examination and over defense counsel's objection, counsel for the government asked whether Bruckner had told Special Agent Kempf of his whereabouts when asked. Bruckner replied that he "didn't give him any statement." Tr. at 380. When asked whether he had told any FBI agent of his whereabouts at the time of the robbery, again over objection, Bruckner replied that he did not remember. Id. at 381. Counsel for the government made reference to the inconsistency in his closing argument, and the district court refused to instruct the jury that a defendant's silence is not to be used as evidence.
 
 
 3
 Bruckner argues on appeal that the cross-examination violated his right against self-incrimination under the Fifth Amendment, see U.S. Const. amend. V, because his post-Miranda silence was used against him. The Supreme Court has held that the use of a defendant's silence for impeachment purposes is unconstitutional. Doyle v. Ohio, 426 U.S. 610, 622 (1976). In this case, however, it was not Bruckner's silence that was used against him, but his prior inconsistent statement that he could not account for his whereabouts. The right against self-incrimination does not prevent counsel for the government from using a prior inconsistent statement to impeach the defendant at trial. See Anderson v. Charles, 447 U.S. 404, 408 (1980) ("Doyle does not apply to cross-examination that merely inquires into prior inconsistent statements"). Because Special Agent Kempf testified that Bruckner did state that he could not account for his whereabouts, this is simply a prior inconsistent statement, despite Bruckner's assertion that he made no such statement. Had Special Agent Kempf indicated that Bruckner had been silent, his argument would be persuasive. As it is, we find his argument on appeal to be without merit, and we therefore affirm the district court.
 
 
 
 [1]
 Bruckner's base offense level was 20 with upward adjustments of two points each for robbery of a financial institution and obstruction of justice, resulting in an offense level 24. Because Bruckner is a career offender, his offense level was increased to 34, which at criminal history VI allows for a sentence from 262 to 327 months. The district court sentenced Bruckner at the bottom of the range (262 months) to which a mandatory consecutive 60-month sentence was added for the firearm charge, resulting in the sentence of 322 months. Bruckner has raised no objection to his sentence on appeal